IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JESSIE NICOLE MCBRIDE            )
                                 ) No. 20-300
    v.                           )

KILOLO KIJAKAZI,
Acting Commissioner
of Social Security

## OPINION AND ORDER

### SYNOPSIS

In this action, Plaintiff filed protective applications for benefits under Titles II and XVI of the Social Security Act. Her applications were based on physical and mental impairments, including carpal tunnel syndrome. Plaintiff's application was denied initially and upon hearing by an Administrative Law Judge ("ALJ"). Plaintiff submitted additional materials following the hearing, and the Appeals Council found no basis for changing the ALJ's decision.[1] Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons,

---

[1] As Hallex explains, "the AC [Appeals Council] may receive additional evidence that it does not consider in relation to the ALJ decision because it is not new, material, or related to the period on or before the hearing decision, or the claimant does not meet one of the good cause exceptions … In those circumstances: The AC will specifically describe the evidence in the AC denial notice or decision but will not designate the materials as exhibits." Hallex I-4-2-20. Further, "If you submit additional evidence that does not relate to the period on or before the date of the administrative law judge hearing decision as required in paragraph (a)(5) of this section, or the Appeals Council does not find you had good cause for missing the deadline to submit the evidence in § 404.935, the Appeals Council will send you a notice that explains why it did not accept the additional evidence and advises you of your right to file a new application." In the present case, the Appeals Council stated, "We receive additional evidence that you show is new, material, and relates to the period on or before the date of the hearing decision. You must also show there is a reasonable probability that the additional evidence would change the outcome of the decision." ECF No. 9, p. 2. The Appeals Council identified the evidence submitted, then concluded, "[w]e find this evidence does not show a reasonable probability that it would change the outcome of the decision." Id. This suggests rejection of the evidence on "reasonable probability" grounds, but the Court notes that the Appeals Council did not exhibit the evidence.

1

Plaintiff's Motion will be granted, and Defendant's denied. This matter will be remanded for further proceedings.

## OPINION

### I.    STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966).  If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered.  Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947).  Otherwise stated, "I may not weigh the evidence or

substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II.     THE PARTIES' MOTIONS

First, Plaintiff contends that new evidence warrants remand pursuant to 42 U.S.C. § 405(g).  Plaintiff argues that the new evidence "provides retrospective support for the severity and functional limitation imposed thereby, which limitations were impermissibly either ignored, mischaracterized or discredited by the ALJ without required analysis sufficient to allow meaningful review."  According to Defendant, the evidence does not relate to the relevant time period, which is from August 1, 2017 to the date of the ALJ's decision, which was September 18, 2019. Defendant further argues that the new evidence does not present a reasonable probability of a different outcome.

Evidence following the ALJ's decision may provide a basis for remand.  Under sentence 6 of Section 405(g), the evidence must be new and material, and a claimant must show good cause for not having previously placed the evidence into the administrative record. Id.  The sole issue at bar surrounds materiality, which encompasses both the evidence's relationship to the pertinent time frame, and the probability that the evidence would have altered the outcome. "[T]he date alone of new evidence is not determinative if it relates back to the relevant period." Leonard v. Colvin, No. 15-5757, 2017 U.S. Dist. LEXIS 16981, at *14 (E.D.N.Y. Feb. 6, 2017). The new evidence must "not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition." Szubak v. Secretary of Health and

3

Human Servs., 745 F.2d 831, 833 (3d Cir. 1984). Evidence of a diagnosis after administrative proceedings have closed, which casts new light on a Plaintiff's condition, may support remand. Dilley v. Comm'r of Soc. Sec., No. 11-80, 2011 U.S. Dist. LEXIS 111303, at *10 (D. Vt. Sep. 1, 2011). The Court must distinguish between "new evidence that reflects on the severity of the plaintiff's impairment as it existed during the time for which benefits were denied and new evidence which represents new impairments …." Sears v. Colvin, No. 12-570, 2013 U.S. Dist. LEXIS 175513 (N.D.N.Y. Dec. 12, 2013). Pain following surgery, arising during the time under consideration, may be considered. Cf. Ostendorf v. Saul, No. 99-301, 2020 U.S. Dist. LEXIS 176340, at *15 (E.D.N.C. Sep. 25, 2020). Remand may be warranted when new records reference or clarify symptoms with an onset prior to the ALJ's decision. See, e.g., id.

      Plaintiff points to materials from the offices of the following physicians, dated as follows: Dr. Freenock, October 15, 2019; Dr. Barrett, November 11 and 18, 2019; Dr. Charlton, November 13, 2019, Dr. Pfaeffle, January 22, 2020, Dr. Pacek, February 18, 2020, and Dr. Reidy, February 27, 2020. [ECF No. 9-2]. All of the records relate, in pertinent part, to the condition of Plaintiff's upper extremities. While the records post-date the time frame at issue, they refer to continued, persistent, or worsening problems following Plaintiff's June, 2019 surgery. For example, Dr. Barrett's records diagnose complex regional pain syndrome ("CPRS"), in part based on Plaintiff's report of symptoms, including increased pain, since June of 2019; Dr. Chartlon's records reflect the situation post-surgery in June, 2019; Dr. Paeffle refers to Plaintiff's "continued issues" since June, 2019; and Dr. Reidy's records likewise indicate evaluation and treatment for problems that began in June, 2019. Per the records, Plaintiff's CPRS was first suspected, and eventually diagnosed. Notably, applicable guidance recognizes the vagaries

inherent in the manifestation, evaluation, and diagnosis of CPRS.  SSR 03-02p, 2003 SSR LEXIS 2.

On the present record, the materials shed considerable light on the condition of Plaintiff's upper extremities beginning in June, 2019, which falls within the applicable time frame.  There is a reasonable probability that they could affect the ALJ's conclusions. In terms of credibility, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."  The residual functional capacity provided that Plaintiff could "frequently handle, finger and feel with the bilateral upper extremities."  The ALJ noted Plaitiff's report of swelling in her hands, wrist, … and carpal tunnel syndrome status-post left release with complications of swelling and diminished ranges of motion."[2]   The ALJ found "no indication that her left upper extremity impairments would preclude work within the parameters of the residual functional capacity assessment."  The records to which Defendant refers in its brief include some abnormal observations, such as decreased hand grasp and limited abduction and adduction of the shoulder. Plaintiff's CRPS diagnosis, and associated medical observations, could determinatively influence some or all of the ALJ's conclusions in accordance with applicable standards.

Clearly, not every post-proceeding diagnosis in every case is material, and thus justify remand.  Today's decision is limited to the circumstances surrounding the particular record at bar; indeed, even this record toes the line.  Administrative proceedings must, at some point close;

---

[2] In terms of the postoperative time frame, the ALJ stated:
> In June 2019, the claimant elected to proceed with a left carpal tunnel release and left middle finger retinacular cyst excision and A1 pulley release (Exhibit 19F/2-4). Postoperatively, the claimant resumed physical therapy treatment (Exhibit 21F). She returned to her orthopedic surgeon in August 2019 with complaints of some minor pain, stiffness, and swelling, with an examination showing mild to moderate edema and very dense scarring, but well healing incisions (Exhibit 25F). A treatment plan included the continuation of scar massage and finger range of motion, with further instruction to resume all normal activity.

a new diagnosis typically warrants a new proceeding. Nonetheless, I conclude that under applicable standards, these particular circumstances weigh in favor of remand for consideration of new evidence. The ALJ, of course, is not limited to review of such evidence; he may conduct proceedings and review materials as he deems necessary.

## CONCLUSION

In sum, this matter will be remanded, consistent with the foregoing Opinion.[3] An appropriate Order follows.

BY THE COURT:

*Donetta F. Ambrose*

---

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: 12/16/21

---

[3] Because this matter is remanded on sentence six grounds, the Court need not consider the remainder of Plaintiff's contentions.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JESSIE NICOLE MCBRIDE    )
                                    ) No. 20-300
    v.

KILOLO KIJAKAZI,
Acting Commissioner
of Social Security

## ORDER

AND NOW, this 16th day of December, 2021, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is granted, and Defendant's denied. This matter is remanded for further proceedings consistent with the foregoing Opinion.

BY THE COURT:

_/s/ Donetta F. Ambrose_
_____

Donetta W. Ambrose
Senior Judge, U.S. District Court